## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

114    11
130   641

114    11
132   320

---

JANE KAUFMAN

*v.*

THOMAS COOK.

*Filed at Ottawa May 15, 1885.*

1. SPECIFIC PERFORMANCE—*of a verbal promise to procure title and convey land—Statute of Frauds—making improvements without possession under the contract.* A person obtained a lease of a tract of land, and put his niece in possession thereof, under a verbal promise that if he succeeded in acquiring the title thereto he would give the same to her. She made some valuable improvements on the same, but it was *held,* that as she did not enter into possession under the agreement to convey, being a mere tenant at sufferance, the Statute of Frauds, which was interposed, was a bar to a bill to compel a conveyance from the promisor.

2. A vendor who, for a valuable consideration, enters into a verbal contract for the sale of premises to which he has no title, and who subsequently acquires the title, will be bound to specifically perform his contract when the purchaser has taken possession under it, and made valuable improvements thereon,—but not where he had no title when the possession was taken, and his promise was without consideration.

3. The possession of real estate must be taken under the contract of purchase, or agreement to give the same, to take the case out of the Statute of Frauds, and not be taken as a mere tenant. The entry must be under a binding contract, with one having title either in possession or expectancy.

4. TENANCY AT SUFFERANCE—*what so regarded.* Where one having no title to premises leases the same from the owner, and puts another in possession thereof under a promise to give to the latter the property in case he can acquire the title, the person so put into possession will occupy the position of merely a tenant at sufferance of the party having the leasehold interest.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. J. C. PEPPER, for the appellant:

A parol gift of real estate will be enforced whenever the donee has taken possession and made valuable and lasting improvements on the faith of the gift. *Young* v. *Glendenning,* 6 Watts, 509; *Mahon* v. *Baker,* 26 Pa. St. 519; *Ungley* v. *Ungley,* L. R. 4 Ch. 78; *Burkholder* v. *Ludcam,* 30 Gratt. 255; *Lobdell* v. *Lobdell,* 36 N. Y. 327; *Freeman* v. *Freeman,* 43 id. 35; *Bright* v. *Bright,* 41 Ill. 97; *Kurtz* v. *Hibner,* 55 id. 214; *Langston* v. *Bates,* 84 id. 524.

Messrs. BASSETT & WHARTON, for the appellee:

To enforce a parol contract for the conveyance of real estate, the evidence must be clear, certain and satisfactory. *Wallace* v. *Rappleye,* 103 Ill. 229; *Bailey* v. *Edmunds,* 64 id. 126; *Allen* v. *Webb,* id. 342; *Hartwell* v. *Black,* 48 id. 301.

The supposed donor could not give what he did not have, and a promise to make a gift of something thereafter to be bought, being by parol, could not be enforced. *Cassell* v. *Cassell,* 104 Ill. 361; *Galloway* v. *Garland,* id. 276; *Walton* v. *Walton,* 70 id. 142.

Possession was not taken under the gift. The act of taking possession must be such as can not be referred to any other title. 3 Washburn on Real Prop. 236; Fry on Specific Per. 176, sec. 387.

The use of the property was ample compensation for the improvements. *Walton* v. *Walton,* 70 Ill. 142; *Cassell* v. *Cassell,* 104 id. 361; *Bailey* v. *Edmunds,* 64 id. 128.

Mr. Justice Mulkey delivered the opinion of the Court:

This was a bill in chancery, filed by Jane Kaufman, in the circuit court of Mercer county, against Thomas Cook, the appellee, to compel the latter to convey certain real estate in pursuance of an alleged parol gift. The subject of the controversy is known to and designated by the witnesses as the "Atcheson property."

The bill charges, in substance, that appellee, who is the uncle of appellant, and without children, being displeased with the treatment the latter had received from the Stonier family, who were related to appellee by marriage, told her he would "give her a home;" that he would, for the time being, rent for her the Atcheson property, which was shortly afterwards to be sold, and if he could buy it when offered for sale he would deed it to her for a home for herself and children; that he accordingly did rent the property, subject to sale, and left a bid of $800 for it; that he got the property at his bid of $800, and obtained the title thereto; that he put the complainant in possession of the property, with the agreement that it should be hers and her children's forever, if he got the title; that she went into possession of said property, under the said promise and agreement, in April, 1882, and made lasting and valuable improvements on the same, under said agreement and promise; that she had the inside of the house altered, at an expense of from $25 to $30, built a stable at an expense of from $30 to $50, built and repaired fences at an expense of from $15 to $20, put a porch at the north end of the house, and made other lasting and valuable improvements thereon, and has resided on the property since April, 1882; that the defendant refuses to complete his gift by deed, and is trying to get possession of the property and oust her therefrom. The court, upon the hearing, rendered a decree dismissing the bill, and the present appeal is from that decree.

In the view we take of the case, it is not important to discuss the evidence in detail, or the claim that there is a variance between it and the allegations of the bill. It may be stated, in general terms, that we are of opinion that when the testimony is considered as an entirety, in the light of the relations of the parties and of all the surrounding circumstances, about which there is no controversy, it substantially sustains the bill.

The Statute of Frauds having been interposed by the answer, the question is presented whether proof of the facts alleged in the bill makes out a case of equitable cognizance not falling within the Statute of Frauds. As the property in question was not purchased by appellee until in May,—near a month after appellant had taken possession of it,—it follows that at the time of making the promise relied on, appellee had no title to the premises whatever, either legal or equitable, and this was well known to appellant. This being so, it is clear the entry of appellant was not under the title which she now seeks to obtain. On the contrary, it was under a mere license from one having a chattel interest, only. The leasehold was in appellee, and appellant's occupancy was that of a tenant at sufferance. She entered, therefore, solely upon the voluntary promise of appellee that he would, if he succeeded in acquiring it, convey to her a title which he did not possess, or even have a promise of. Nor did his promise to appellant impose any legal obligation on him whatever to purchase the property in question. Suppose he had withdrawn his bid of $800 for the property, and had not bought it at all, it will not be pretended appellant could have maintained an action against him for not doing so; and yet she unquestionably could, if what occurred created a valid contract between them. It is clear, therefore, appellant's entry was not under any binding contract or engagement with one having title, either in possession or expectancy, with which to connect her subsequent expenditures on account of

improvements, so as to take the case out of the statute. We do not desire to be understood as intimating, much less holding, that a vendor who, for a valuable consideration, enters into a verbal contract for the sale of premises to which he has no title, will not, on subsequently acquiring the title, be bound to specifically perform his contract where the purchaser has taken possession under it, and has made valuable improvements thereon. That he would be bound to do so under the circumstances stated, we have no doubt. But this is not a case of that kind. Here, the promisor not only had no interest in possession or expectancy, but his promise was without consideration, and the entry made under it was before anything had been done by the promisee to make it binding upon him. In such a case we are of opinion there is no ground for equitable relief.

The judgment will be affirmed.

*Judgment affirmed.*