THEODOCIA LEWIS v. CHAUNCEY M. NORTH.

FILED SEPTEMBER 18, 1901.  No. 10,134.

1. **Submission of Equitable Issues to Jury Not Prejudicial Error.** It is not prejudicial error to submit to a jury, for its finding generally, questions of fact on purely equitable issues raised by the pleadings in the case.

2. **Submission Discretionary With Court.** A district court sitting as a court of equity may, in its discretion, submit to a jury any disputed question of fact.

3. **Specific Performance: STATUTE OF FRAUDS.** In order to justify a decree of specific performance of a verbal agreement for the sale of real estate, the acts of part performance relied on to escape operation of the statute of frauds must be clearly, definitely and satisfactorily shown, and it must also appear that such acts were done with reference to, and in pursuance of, the contract.

4. **Statute of Frauds Will Be Defeated Only by Possession Arising Upon Contract.** Continued possession by a tenant is not such

a part performance of a verbal contract for the purchase of land as to take the case out of the statute of frauds. Possession, to have such an effect, must be clearly shown to refer to, and result from, the contract and not the lease. *Bigler v. Baker*, 40 Nebr., 325, 326.

5. **Occupancy as Owner.** The above rule *held* to apply when the alleged vendee was occupying the land as a former owner.

6. **Evidence Insufficient.** Evidence examined, and *held* to be insufficient to support the finding of the jury and the decree of the trial court rendered thereon.

ERROR from the district court for Hall county. Tried below before THOMPSON, J. *Reversed.*

*R. C. Glanville,* for plaintiff in error.

*W. H. Thompson* and *W. H. Platt, contra.*

HOLCOMB, J.

A verdict was returned and judgment rendered in favor of the defendant. Plaintiff brings the case here on error. The plaintiff bases her right of action on three promissory notes executed by the defendant in her favor and aggregating with interest at the time of the institution of the suit about $2,000. In the answer the giving of the notes sued on is admitted, and for a defense it is alleged that they were executed as a part of the purchase price of certain lots purchased by the defendant of the plaintiff situated in Colorado and upon which there had been paid the sum of $1,800; that the defendant went to Colorado after the purchase of the property and about the time the note first due matured, "and then and there had a settlement with the said plaintiff in which the said plaintiff agreed for and on consideration of the surrender of the said property and the forfeiture of the said eighteen hundred dollars heretofore paid, that the said plaintiff would cancel the said notes sued on and send them to the defendant and that the defendant upon the receipt of the said notes, on his return to Nebraska, he would redeem the said property to plaintiff and thereupon and there and then surrender

the said property to the said plaintiff fully relying on the said agreement of settlement and that the plaintiff took possession of the said property and has retained it ever since. That this said contract of settlement was verbal and consummated by the defendant's turning over the property to plaintiff, that this defendant has always been ready and is now ready to comply with his part of the said contract and agreement in every particular and now prays," etc. The reply denied specifically the alleged contract of settlement, the agreement to redeed the land, and cancel the notes, and the delivery or taking possession of the real estate under the contract and pleaded the statute of frauds as rendering void the alleged contract pleaded by the defendant in his answer. It is urged by the plaintiff that the answer does not state a defense to the cause of action pleaded in the petition; that the facts pleaded in the answer are insufficient to take the verbal agreement pleaded without the reach of the statute of frauds.

Without taking the time to discuss or determine this question, we pass directly to that which appears to us as the controlling proposition, for which purpose we assume the answer presents a valid defense, and that is, do the facts as disclosed by the record, support the plea of the defendant to the effect that a contract or agreement was entered into for a reconveyance of the land in consideration of the cancellation of the notes then outstanding representing the deferred payments of the purchase price, and was there such a part performance under and in pursuance of the verbal agreement as to avoid the effect of the statute of frauds and justify a court in decreeing specific performance of the contract?

The defense interposed was purely equitable and invoked the aid of a court of equity for the enforcement of the contract alleged in the answer when established by the evidence. The submission of the questions of fact raised by the issues to a jury for a general verdict does not, we think, amount to prejudicial error calling for a reversal of the judgment on that account. In the trial of an equitable

action any or all questions of fact may, in the discretion of the trial court, be submitted to a jury for their determination. Says the author of the opinion in *Alter v. Bank of Stockham,* 53 Nebr., 223, 230: "A chancellor was always invested with the discretion to submit to a jury issues of fact, and the Code has not deprived the courts, when sitting as courts of equity, of that discretion, and the district courts of the state, while sitting as courts of equity, are vested with the discretion to submit to a jury any disputed question of fact." See also 11 Am. & Eng. Ency. Pl. & Pr., p. 607 *et seq.,* under the title "Issues to the jury in equity cases."

The question of prime importance in the case at bar is whether the evidence shows such part performance of the verbal contract pleaded as to escape the provisions of section 3 of the statute of frauds which declares contracts for the sale of real estate or any interest therein, except leases for one year or less, to be void unless in writing and subscribed by the party to be charged thereby. It is indisputably shown by the evidence that the defendant purchased the real estate mentioned, paying therefor $1,800 in cash and executing the notes in controversy for the remainder, and thereupon the property was conveyed to him by warranty deed. This transaction occurred in the spring of 1893. By the terms of the agreement for the sale of the property, and it is so specified in the deed of conveyance, the plaintiff was to give possession of the premises October 1, 1893. The first note matured October 1. Prior to its maturity and during the latter part of September, and while the plaintiff was yet in possession of the premises under the agreement made at the time of the purchase, the defendant left his home in Nebraska and went to the plaintiff at her place of residence for the purpose of paying or making some arrangement for the payment of the note then about to fall due. While on this trip the defendant testifies that the contract of settlement was entered into and possession of the premises thereunder surrendered to the plaintiff. All the negotiations, both as to the pur-

chase of the property and the alleged resale thereof to the grantor, appear to have been had with the husband of the plaintiff. While it is urged by counsel for plaintiff that the evidence is insufficient to support a finding of agency on the part of the husband, we are unable to so view the record, and hold to the opinion that the evidence is ample to show that the husband was duly authorized by the wife to act for her in the premises.

Regarding the contract for a resale of the property to the grantor in consideration of the cancellation of the notes outstanding given as a part of the purchase price in the original transaction, the defendant is the only witness who testifies on the subject and his testimony is as follows: "We had several conversations about the property, in regard to him taking it back. And as I told him that I couldn't make the payments and I wanted to turn the property over to him, and he said that it would be a great loss for me as I had paid $1,800, and he didn't like to see me lose that much, and he said he could trade the property off and get me something out of it and I told him if he could, all right. He could trade the property off and if he wanted to give me anything, it was all right. That day, or a day or two before I left there, on toward evening of the last day, I think, of September, him and I was down town and come back to the place right across from this place, in front of the house—we stood there—and right then and there we agreed"—the witness was here interrupted by an objection.

Q. State what was done.

A. I turned the property over to him and he agreed to make out a deed and send it to me with those notes and that was to release me of all claim in the property. I was losing $1,800 and deeding him back the property—and the last words he said to me, he said: "I will send you the papers and you can sign and return the deed to me."

Q. State how it was that you turned the property over to him.

A. He was living in the property at that time and his

time was expired and I told him he could take possession and still live there and I turned it over to him and I received nothing further from that day.

This is all the evidence as to an act of part performance under the alleged verbal contract, and it seems to us that it, admitting all that is said to be true, falls far short of acts necessary and required in the performance or part performance of a verbal contract for the sale of real estate which will relieve the contract of the blighting effect of the statute referred to. Counsel for the defendant in their brief contend that the evidence shows that the plaintiff remained in the possession of the property long after her time had expired under the original agreement and that such possession is sufficient to constitute a part performance and take the contract without the statute of frauds. An examination of the record does not bear out this contention. One witness whose evidence was submitted in the form of depositions testified that the plaintiff and her husband were in the possession of the premises after the alleged contract the same as they were before, but this part of the witness's deposition was not offered nor received in evidence. Even though it were, it proves nothing. It is not stated how long the parties were in possession after the time which they were to retain possession when the premises were sold to defendant, nor is there any act testified to at all inconsistent with, or showing a different attitude or relation toward the defendant than existing under the original agreement under which they were lawfully in possession and if after the time mentioned they would be regarded only as holding over their time. The defendant testifies to no act done by either of the parties in the performance or part performance of the contract alleged. There is not a scintilla of evidence showing any change (by acts and not words) in the attitude or relation of the parties by or toward each other as a result or consequence of the verbal agreement he testifies to.

The rule is fundamental that acts of parties in consummating an agreement not in writing, for the sale of real

estate, in order to relieve it of the effect of the statute, must be clearly and satisfactorily shown and such acts must also appear to have been done with reference to and in pursuance of the contract. We have here nothing but the testimony of the defendant in the nature of an opinion or conclusion. He testifies to no act performed by the plaintiff's agent. He says that he surrendered possession, and yet it is indisputably established that the plaintiff was at the time in possession. There was no change, no giving up of possession by the one and a subsequent retaking. There was no act symbolical even of a surrender of possession by the owner to the alleged purchaser or her agent. In fact there was nothing done, conceding all that is testified to by the defendant, except that done by word of mouth. No act of the plaintiff pointing in the remotest degree to a part performance of a contract for the purchase of the property is disclosed by the evidence. The object of the statute is to prevent frauds and perjuries, and yet, if this alleged verbal contract may be specifically enforced, reliance entirely must be had on the oral statements of the defendant unsupported by any evidence of any act done or steps taken by the purchaser upon which a court would be warranted in concluding that she had taken action with reference to and for the purpose of carrying out the verbal agreement testified to. The statute would be of little, if any, value if the contract pleaded, supported by no other evidence than we find in the record, requires or warrants a decree of specific performance.

In *Emmel v. Hayes,* 14 S. W. Rep. [Mo.], 209, it is stated by the judge writing the opinion: "The uniform statement of the text-writers, and the reported rulings of adjudged cases, is that mere continuance of possession does not constitute part performance. There must be a radical change in the attitude of the contracting parties towards each other; a change consisting of acts done; a notorious change, which itself indicates that some contract has been made between the parties; and then parol evidence is admissible to show the details of the agree-

ment." Browne, Statute of Frauds [5th ed.], sec. 476, states the rule as to possession being a part performance of the contract as follows: "The possession must appear to have been delivered or assumed in pursuance of the contract alleged. Thus, it is abundantly settled that one who is already in possession of land as tenant verbally contracts with the owner for a new term; his merely continuing in possession after making the alleged contract is not an act of possession within the meaning of the rule, so as to justify a decree for a lease according to the contract."

In *Poland v. O'Connor*, 1 Nebr., 50, it is held, first, that "A parol agreement for the sale and conveyance of land, must be established by clear and most satisfactory proof; or the court will not specifically enforce it"; and second, "to take such a case out of the statute, the possession of the vendee must be by acts clear, certain, and definite in their object, and having reference to the contract." See, also, *Hunt v. Lipp*, 30 Nebr., 469. In the fifth paragraph of the syllabus in *Bigler v. Baker*, 40 Nebr., 325, it is held: "Continued possession by a tenant is not such a part performance of a verbal contract for the purchase of land as to take the case out of the statute of frauds. Possession, to have such an effect, must be clearly shown to refer to and result from the contract and not the lease."

In *Christy v. Barnhart*, 14 Pa. St., 260, it is said: "It is not to be disputed, at this time of day, that to withdraw a parol sale of lands from the blighting effects of the statute of frauds, there must be an open and absolute possession taken in pursuance of the contract, with a view to the performance of it. It is consequently a settled rule that a parol sale to a tenant in possession is within the statute, though his possession be afterwards continued, because there is no change of possession, in execution of the contract."

In *Swales v. Jackson*, 26 N. E. Rep. [Ind.], 62, it is stated in the syllabus: "Where the vendees were occupying the land, either as tenants or as former owners, there is no such taking of possession under the contract as will

avoid the statute of frauds." Berkshire, J., after citing a number of authorities as to the required evidence to take an oral contract out of the statute, observes: "In *Outsinger v. Ballard, supra* [115 Ind., 93], this court said: 'Courts of equity have adopted the foregoing as the rule of evidence in cases for specific performance of oral contracts, and if, at the end, the evidence leaves it a matter of conjecture whether there was a contract, or if its terms are left uncertain, or if the possession or acts of part performance are not clearly referable to the contract, a decree of specific performance ought to be withheld.' "

The following are also directly in point: *Johnston v. Glancy,* 28 Am. Dec. [Ind.], 45; *Koch v. Nat. Union Building Ass'n,* 137 Ill., 497; *Kaufman v. Cook,* 114 Ill., 11; *Armstrong v. Kattenhorn,* 11 Ohio, 265. See also Waterman, Specific Performance of Contracts, secs. 263, 265, 272, 274; 2 Story, Equity Jurisprudence, secs. 752, 753, 760, 764.

The evidence of the defendant not only stands alone and uncorroborated by any attending circumstances shown in evidence, but is flatly contradicted by the testimony of the plaintiff and her husband, and is also greatly discredited by the statements of the defendant himself made in letters written by him subsequently to the alleged contract of settlement. In a letter to the plaintiff's husband, dated November 10, 1893, relative to plaintiff's action in selling the property by virtue of a trust deed executed by the defendant to secure the deferred payment of the purchase price, defendant states: "As you told me the last talk I had with you that you would take the property back if you could not trade the property." There was evidently, at the time this letter was written, no well defined conception in the mind of the defendant that he had prior to that time, as afterward testified to by him, contracted unconditionally the property to the plaintiff who had in pursuance of such contract entered into the possession, and for the consummation of the contract there remained nothing to be done but reconvey the premises upon the receipt

of the notes duly canceled.   And on November 17 the defendant in a letter to the attorney for the plaintiff states: "I received a letter from those parties in Denver saying they would let the matter stand for twenty days.   I am going out there during that time and will attend to that matter."   These expressions are clearly inconsistent with his testimony given at the trial and utterly repugnant to the idea that the property at the time the letters were written had been sold to the plaintiff and part performance of the contract accomplished.

While the rule is that, on questions of fact, when the evidence is conflicting, a finding of the jury or court will not be disturbed when there is sufficient evidence to support the conclusion reached, we are firmly of the opinion in the present case that, construing the evidence most favorably to the defendant, it is wholly insufficient to relieve the verbal contract pleaded from the operation of the statute of frauds, and for that reason the judgment must be reversed and the cause remanded for further proceedings in accordance with law and equity.

REVERSED AND REMANDED.

SULLIVAN, J., absent, not voting.