Steger v. Kosch.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

---

JOSEPH STEGER, APPELLEE, V. JOSEPH KOSCH, APPELLANT.[*]

FILED JUNE 20, 1906.    No. 14,414.

1. Statute of Frauds: SALE OF LAND: POSSESSION. Continued possession by a tenant is not such a part performance of a verbal contract for the purchase of land as to take the case out of the statute of frauds. Possession, to have such an effect, must be clearly shown to refer to and result from the contract of purchase, and not the lease. *Lewis v. North*, 62 Neb. 552.

2. Evidence examined, and *held* not to support the decree of the trial court.

APPEAL from the district court for Butler county: BENJAMIN F. GOOD, JUDGE. *Reversed and dismissed.*

*L. S. Hastings* and *C. H. Aldrich*, for appellant.

*A. M. Walling* and *W. M. Cain*, contra.

JACKSON, C.

The plaintiff had a decree in the district court for the specific performance of an oral contract for the sale of real estate. The allegations of the petition relied upon to relieve the contract from the statute of frauds are, in substance, that the plaintiff entered into the possession of the lands with his family, and made valuable improvements thereon and paid a part of the purchase money. From the evidence it appears that the plaintiff was at one time the owner of the premises, which were heavily incumbered by mortgage. Being unable to meet the mortgage indebtedness, he sold the land to one Klosterman, but remained in possession as Klosterman's tenant, and was so possessed

---

[*] Rehearing allowed. See opinion, p. 150, *post.*

Steger v. Kosch.

when Klosterman sold the land to the defendant in February, 1899. The lease with Klosterman entitled the plaintiff to remain in possession as tenant during that year. He was paying an annual rental of $640. By the contract of purchase from Klosterman, the defendant succeeded to the landlord's right and became entitled to collect the rent for the year 1899.

After the purchase of the premises by the defendant, plaintiff remained in possession, and has paid as rent each year to the defendant the sum of $640 until 1904, with the exception of a single year, when, owing to a partial failure of crops, the defendant waived the payment of $200 on the rental account. The defendant demanded an additional 25 cents an acre rental for the year 1904, and notified the plaintiff that he would demand a further increase for the year 1905. The rent for the year 1904 is unpaid. The plaintiff is still in possession of the premises, and on his behalf the testimony tends to prove that on the 4th day of November, 1899, the plaintiff and his wife were requested by Klosterman to go to the office of Hastings & Hall, in David City, and execute a quitclaim deed to the land in dispute, for the purpose of perfecting his title, which it was thought was defective because of a decree of the district court for Butler county, rendered after the original conveyance from the plaintiff and his wife to Klosterman, subjecting the land to certain of the plaintiff's debts; that Klosterman, the defendant, the plaintiff and his wife met at the office of Hastings & Hall, where the quitclaim deed was prepared; that plaintiff's wife objected to signing the deed unless the defendant would sign a contract agreeing to reconvey the land to the plaintiff when the plaintiff might be able to pay for it; that the defendant said no such contract was necessary, that he would reconvey the land to plaintiff at any time within five, ten or fifteen years upon payment to him by the plaintiff of what he had in the land; that he wanted his money and not the land; that the quitclaim deed was thereupon signed and delivered. On behalf of the defendant there is evidence

tending to prove that in April, 1899, the plaintiff and defendant had a conversation in which the plaintiff expressed a desire to purchase the land; that the defendant told him he might purchase the land at any time within five years from that date for what the land was worth; that he so informed the plaintiff's wife when the quitclaim deed was executed, and that no other or different agreement was ever made. The defendant's first wife was a sister of the plaintiff, and for many years they had enjoyed friendly and confidential relations. The defendant has appealed from the decree, and contends that the decree is not supported by the law and the facts.

This contention seems to be well taken. There is no explanation in the evidence of the plaintiff's possession of the premises other than his possession as a tenant, and, having been in possession as a tenant at the time when the plaintiff alleges the contract of purchase was made, the presumption is that he continued in possession as a tenant. *Bigler v. Baker*, 40 Neb. 325. Continued possession by a tenant is not such a part performance of a verbal contract for the purchase of land as to take the case out of the statute of frauds. Possession, to have such an effect, must be clearly shown to refer to and result from the contract, and not the lease. *Bigler v. Baker, supra; Lewis v. North*, 62 Neb. 552. There is a failure to prove any payments on account of the contract of purchase. The only payments made by the plaintiff were for rent, and the trial court in effect so found. The defendant paid $8,106.25 for the land, and it is admitted that he subsequently paid taxes amounting to $334.83, besides paying for some improvements and repairs. The decree provides for a conveyance upon the payment of $8,156.25 purchase money, $640 rent for the year 1904, and certain items of personal indebtedness not in any manner involved in the transactions concerning the land. It was proved at the trial, without controversy, that the land at that time was worth $16,000. The plaintiff testified that each year after the alleged contract of purchase he planted trees on the farm;

as affecting his claim of right, however, it is significant that he did the same thing each year while he was the tenant of Klosterman. He repaired fences and made certain other improvements, including a corncrib of about the value of $250. The defendant testified that he was requested to build the corncrib, but declined to do so; that he gave the plaintiff permission to build the crib, with the understanding that he might move it at the termination of his lease or that he would buy it, as the plaintiff might desire.

Construing the evidence in the light most favorable to the plaintiff, if falls short of proving any performance of the contract on his part such as the law requires to take an oral contract for the sale of lands out of the statute of frauds, and we recommend that the decree of the district court be reversed and the cause dismissed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the cause dismissed.

REVERSED.

The following opinion on rehearing was filed February 21, 1907. *Judgment of reversal and dismissal adhered to:*

DUFFIE, C.

The former opinion by Mr. Commissioner JACKSON is reported, *ante,* p. 147. On motion for rehearing, filed by the appellee, we recommended a reargument of the case, fearing that an injustice might have been done. On the reargument, it is strongly insisted that our former opinion overlooked the nature of the consideration for the promise on the part of Kosch, which is the basis of the action. It is said: "It is undisputed that plaintiff was in possession under Klosterman asserting an equity in the property in question by virtue of an option to pur-

chase from the latter. That claim was recognized by Klosterman, who, in a suit by a creditor of the plaintiff, testified that he was under contract to reconvey to plaintiff upon payment of what he had in the land. Shortly thereafter Klosterman contracted to sell and convey to the defendant, Kosch, who undertook to purchase for the use and benefit of the plaintiff, his brother-in-law. Klosterman was, however, unwilling to convey, and Kosch unwilling to purchase, without the relinquishment of the plaintiff's claim. The parties accordingly met at the office of Hastings & Hall, where plaintiff and wife, after much urging and hesitation, quitclaimed their interest to Klosterman upon the express promise of the defendant, Kosch, to convey to plaintiff within the period of five or ten years upon the payment of $8,000, the price of the conveyance to him." If this claim is supported by the evidence, if Steger actually had a contract with Klosterman for the purchase of this land which a court of equity would recognize and enforce, and he surrendered his right therein and quitclaimed his interest to Kosch, the consideration being Kosch's agreement to reconvey upon the payment of $8,000, then we were in error in our former opinion, and the decree of the district court should be affirmed.

This necessitates an examination to some extent of a voluminous record, and the writer has gone through the bill of exceptions with great care in order to ascertain what the facts are relating to the evidence attending the conveyance made by quitclaim deed from Steger and wife to Kosch. Originally, Steger entered into possession of this land by purchase from Klosterman. He defaulted in payments to be made, and thereupon Klosterman took a reconveyance from him. While the evidence is not entirely clear upon the point, it appears that after this reconveyance Steger made some claim that Klosterman had obtained it by fraud, by misrepresenting the paper which Steger and his wife signed and acknowledged, and that thereupon Klosterman agreed to reconvey at any

time when payment of the full amount of the original purchase money agreed upon between them was made, with interest. The testimony bearing most closely upon this point grew out of the fact that a judgment creditor of Steger commenced an action to set aside the deed made by Steger to Klosterman, alleging that it was fraudulent and for the purpose of defeating his claim. One of the witnesses, on the trial of the case at bar, testified to the effect that Klosterman, on the trial of the creditor's suit, testified that he was under contract to reconvey the premises to Steger. On the other hand, witnesses testified that Steger, on that trial, testified that his reconveyance of the land to Klosterman was made in good faith because he was unable to pay for the land, and that Klosterman had refunded to him some of the money which he had paid on the purchase in full settlement of all equity which he had in the land; that the conveyance was an absolute one, and that he remained on the premises as tenant of Klosterman. There is evidence tending to show that Klosterman surrendered to Steger all evidence of indebtedness given by Steger for the purchase price. What evidence might have been produced on this question, had Steger brought an action against Klosterman alleging that his reconveyance was obtained by fraud and that Klosterman had agreed to reconvey, we cannot say; but certainly, from the evidence relating to the transaction between these parties contained in the record of this trial, no court would be justified in finding that any such contract existed between the parties as would justify a decree for a specific performance.

In the creditors' suit the court, instead of declaring the conveyance void as to the plaintiff's judgment and the judgment a first lien upon the land, entered a decree setting aside the conveyance from Steger to Klosterman, and ordering a sale of the premises if the amount of the judgment creditor's claim was not paid within a time limited by the decree. After this decree was entered Kosch commenced negotiating with Klosterman for the purchase

of the land, and the agreement of purchase was finally con-
cluded.    Counsel for Kosch, with commendable caution,
in view of the character of the decree entered in the cred-
itor's suit, advised Kosch that to make his title entirely
clear it would be advisable to take a quitclaim deed from
Steger and wife, and, as we gather from the evidence,
it was in view of the terms of this decree, and not because
the parties supposed that Steger had any actual interest in
the land, that the quitclaim deed from Steger to Kosch
was executed, and for which Kosch paid $8,000 which
appears to have been the actual value of the land.

An examination of the plaintiff's petition in this case
discloses that no claim was made that Steger was in pos-
session of the land under any contract of sale between him-
self and Klosterman, and that the quitclaim deed was
made to convey any interest vested in him by such a con-
tract.    No claim of that kind was made in the original
brief filed by the appellee, and upon the oral argument,
when the case was first submitted, Mr. Commissioner
JACKSON interrogated counsel for appellee as to whether,
at the time of making this quitclaim deed, Steger was
claiming any interest in the land derived from Klosterman,
or any other party, and such a claim was distinctly dis-
avowed.    We cannot avoid the conclusion, from an ex-
amination of the petition, which is entirely silent as to
any claim of this character, as is also the original brief
filed on behalf of appellee, that the claim is now made,
based on evidence that, incidentally, crept into the record
on the trial of the case, but which was not directed to any
issue of that character raised by the pleadings.    The action
was not founded on any such theory.    The written opinion
of the trial court does not touch upon the question.    It
was not advanced upon the trial, either in the district
court or on the first submission of the case in this court,
and a careful examination of the whole record convinces
us that the plaintiff's claim to specific performance was
based solely upon the alleged naked oral promise of Kosch
to convey this land to the plaintiff upon the payment of

$25 an acre. That such oral promise cannot be enforced, even if established by uncontroverted proof, is sufficiently shown in the original opinion.

We recommend that the opinion first filed in this case be adhered to.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the opinion first filed in this case is adhered to.

REVERSED.