ANDREW RASCH v. J. C. JENSEN, Appellant.

**Specific performance:** ORAL CONTRACTS: PROSPECTIVE TITLE. Where an oral contract for the conveyance of real property has been taken out of the statute of frauds by part payment and posses

sion, the defendant can not defeat specific performance on the
ground that at the time such payment was made and possession
given he was only a bidder for the land at a referees sale, whose
offer had only been accepted subject to the approval of the
court, and that until such approval he could not rightfully de-
liver possession.

Same: CONTRACT: PUBLIC POLICY: REVIEW. Where the parties them-
selves have not raised the question, the appellate court will not
take notice of the fact that a contract to convey real property
was against public policy, because made with a referee, at whose
sale defendant agreed to bid in the land and reconvey a por-
tion to the referee.
Evans, C. J., dissenting.

*Appeal from Shelby District Court.*—HON. N. W. MACY,
Judge.

SATURDAY, APRIL 10, 1909.

REHEARING DENIED, TUESDAY, OCTOBER 26, 1909.

ACTION to enforce specific performance of a contract
to convey a tract of land. There was a decree for plain-
tiff, from which defendant appeals.—*Affirmed.*

*Cullison & Yackey,* for appellant.

*E. S. White and Byers, Lockwood & Byers,* for ap-
pellee.

McCLAIN, J.—The plaintiff, having been appointed
referee in a proceeding for the sale of a forty-acre tract
of land, portion of the estate of a deceased person, entered
into negotiations with defendant and one Christensen, in
which it was agreed, as plaintiff alleges, that defendant
should bid for the entire forty-acre tract at the sale, and,
if he secured the property, should deed the north fifteen
acres thereof to plaintiff and the west half of the remainder

to Christensen, retaining the balance for himself. On January 20, 1906, which was soon after this alleged agreement was entered into, defendant did bid off the forty-acre tract at the referee's sale for $2,020, $100 of which was paid in cash, and the remainder was to be paid on February 28 following. Between the date of the sale and the 28th of February, plaintiff, as he testifies, with defendant's assent, indorsed a credit of $37.50 on a note held by him against defendant as his payment to defendant of his proportion of the $100 advanced by defendant on the purchase price, and the parties went upon the land, and divided it in accordance with their previous agreement, and plaintiff, entering into possession of his portion of the tract, caused some trees thereon to be cut for the purpose of constructing a fence. When defendant applied to plaintiff for referee's deed on February 28, plaintiff insisted that he should make deeds in accordance with the previous agreement of the parties as to the division of the tract among them, but he was ordered by the court to make a deed to the defendant in accordance with the bid, and this was done; the balance of the purchase price being paid by defendant. Defendant refusing to convey to plaintiff the portion of the tract claimed by him, this action was instituted to compel specific performance of the alleged agreement; the agreed portion of the purchase price being tendered. The court found that there had been such part payment and taking of possession by plaintiff as to entitle him to enforce the oral agreement of sale between defendant and plaintiff, and awarded to plaintiff the relief which he asked.

On the issue of fact as to whether there was a part payment by the plaintiff consisting of a credit by plaintiff on defendant's note of plaintiff's proper portion of the $100 paid by defendant at the time of the sale, and as to whether by the consent of defendant plaintiff went into possession of his portion of the tract, there is a conflict

in the evidence, but we think the evidence clearly sustains the finding of the trial court that there was a part payment and a taking of possession such as to sustain the oral contract as against any objection based on the statute of frauds. Several witnesses testify to facts strongly corroborating the testimony of plaintiff, and we think the evidence is clear and satisfactory, not only as to the making of the agreement, but also as to the part payment and taking of possession.

Counsel for appellant urge, however, that at the time payment was made and possession taken the defendant was not the owner of the land, but only a bidder whose offer had been accepted subject to the approval of the court, and that, until there was such approval, he could not rightfully deliver possession to plaintiff, not being entitled to possession himself. It does not clearly appear when the sale was in fact approved by the court, but it is evident from the record that such approval had taken place prior to the 28th day of February. As between these parties, however, we think the date of approval of the sale is immaterial. The contract was made with reference to defendant becoming the owner of the property in pursuance of the referee's sale, and defendant did become such owner as contemplated in the agreement. In pursuance of the arrangement, he did accept part payment from plaintiff, and put plaintiff in possession of the portion of the property in controversy. Defendant cannot now question the right of plaintiff under the agreement on the ground that at the time such payment was made and possession given defendant had not acquired the legal title by formal approval of the sale. The case of *Kaufman v. Cook*, 114 Ill. 11, (28 N. E. 378), in which it was held that a mere promise to acquire title and convey under which the prospective vendor went into possession could not be specifically enforced if the vendor subsequently became the owner of

1. SPECIFIC PERFORMANCE: oral contract: prospective title.

the property, is not in point, for the court specifically bases its ruling on the fact that at the time of the making of the oral agreement and of the taking of possession by the prospective vendee the vendor had no right to the property either legal or equitable, nor was he entitled to possession. The court specifically declines to hold that a vendor who for valuable consideration enters into a verbal contract for the sale of premises to which he has no title will not on subsequently acquiring the title be bound to specifically perform his contract. The decision is based on the proposition that, at the time of the making of the contract, the proposed vendor had the right of possession as tenant only, and that he had not yet any right even inchoate as purchaser. In the case before us defendant put the plaintiff into possession, and accepted part payment after his bid had been accepted and a portion of the price had been paid, and, so far as we can understand from the record, after the purchase had been so far completed by him that nothing remained but the formal approval of the court to make his title perfect. Defendant had, therefore, acquired at least a conditional right, which became perfect when the sale was formally approved, and he cannot disaffirm obligations which he entered into with the plaintiff in contemplation of the acquisition of a title which, already in prospect, became complete in the very manner contemplated by the parties in entering into the agreement and performing the acts necessary to make such agreement binding.

The validity of the contract between plaintiff and defendant is not assailed on the ground that plaintiff as referee could not be a party to an agreement to acquire a portion of the property from defendant as 2. SAME: contracts: public policy: review. purchaser at the referee's sale. No question of public policy or good faith is raised with reference to the transaction.

The decree of the trial court is therefore *affirmed*.

EVANS, C. J. (dissenting).—I cannot concur in the majority opinion. The last paragraph of the opinion indicates the view of the majority that we cannot take note of the inherent illegality involved in the agreement sought to be enforced because defendant has not assailed it on that ground. I do not believe that such an omission on the part of the defendant will justify complaisance on the part of the court toward the agreement as the plaintiff presents it. The plaintiff was a referee appointed by the court for the purpose of selling the land in question. He had neither moral nor legal right to become interested adversely to the owners of the land. According to his claim, he entered into an arrangement with the defendant in advance of the sale, whereby the defendant was, in effect, to purchase a part of the land for him. And such is the contract which a court of equity is asked to enforce by specific performance. The effect of the majority opinion is to say that we must close our senses to the corruption, inasmuch as the defendant does not base a defense upon that ground. The defendant, however, occupies a consistent position in his denial that any such agreement was ever made. He admits that they talked about it, and that there was discussion on the subject, and that they looked over the premises together, and did some measuring and blazing of trees, for the purpose of ascertaining the proposed line of division, but he denies that the negotiations ever went any further, and denies that there was any part payment or performance. To my mind the circumstances shown in evidence corroborate the story of defendant more strongly than that of the plaintiff. The partial payment contended for by plaintiff consisted wholly of his own act in indorsing a payment upon a note which he held against defendant. This credit was afterwards repudiated by the defendant, and the plaintiff accepted the payment of his note in full, regardless of such credit. The partial performance relied on consists of the measurements

and blazing of trees referred to. This was all done before it was known whether defendant would become the owner or not. When into the balance is thrown the further fact that the very agreement relied upon by the plaintiff was one which he had neither moral nor legal right to make, it ought to turn the scales against him on the finding of fact. If the evidence is to be deemed sufficient to prove that such an agreement was made, then a court of equity ought to show him a door of exit, regardless of the ground of defense. In such a case the defendant himself would have a motive to withhold such ground of defense because of the menace involved in it to his own title as between him and the former owners of the land.

I think, therefore, that the plaintiff's petition should be dismissed, and that the decree of the lower court should be reversed.