Parker v. Sutton.

---

ROBERT H. PARKER, APPELLEE, V. HAROLD P. SUTTON ET AL., APPELLANTS.

FILED MARCH 19, 1926. No. 23435.

Evidence examined, and *held* to support the judgment of the district court.

APPEAL from the district court for Red Willow county: CHARLES E. ELDRED, JUDGE.  *Affirmed.*

*John F. Cordeal* and *Frank M. Colfer,* for appellants.

*Bernard McNeny* and *Scott & Scott, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

Robert H. Parker, plaintiff, brought this action against Harold P. Sutton to foreclose a mechanic's lien.   The plaintiff claimed a balance due of $2,923.38 for work done and materials furnished under two written contracts supplemented by verbal contracts for the construction and remodeling of a building upon premises owned by defendant.

The principal controversy arises over a large number of extras furnished in the construction of the building and involves an accounting between the parties.   The defendant denied that there was anything due the plaintiff and filed a cross-petition in which he claimed damages for breach of the contract between himself and the plaintiff in the sum of $6,500.   Defendant asked that the National Surety Company, which was the plaintiff's bondsman, be made a party to the action and it was accordingly brought in.   The trial resulted in favor of the plaintiff for $707.22 with interest, which totaled $752.18.   From this judgment defendant has appealed.

It appears that the plaintiff and defendant entered into a written contract by which the plaintiff was to furnish certain materials and perform the labor in the construction of a building for the defendant for the sum of $3,682.50. Later a second written contract was entered into between the parties by which the plaintiff was to furnish the materials and perform the necessary labor in the construction of the second story to the building for $1,250.   During the progress of the work numerous additions were made to the

plans which were not provided for in the contract. These extras form the basis of the present action.

Before the trial commenced the plaintiff asked that the cause be heard before a jury, which was granted. During the trial it was stipulated between the parties that the defendant had paid on account of the contract $6,250.20. In answer to the special interrogatories propounded to the jury they found there was due the plaintiff for extras not included in the original contracts $2,544.92. The jury also found that the defendant had been damaged in the sum of $520 by reason of the breach of contract as set forth in the cross-petition. In a tabulated form the statement would be as follows:

| | |
|---|---|
| Amount due plaintiff as per written contract | $4,932.50 |
| Extras furnished as found by jury | 2,544.92 |
| Total | $7,477.42 |
| Paid as stipulated | 6,250.20 |
| Balance due plaintiff | 1,227.22 |
| Less damages sustained by defendant | 520.00 |
| Net balance due plaintiff | 707.22 |
| Interest thereon | 44.96 |
| Amount of judgment | $ 752.18 |

In making out his case the plaintiff testified, in reference to the 61 items which made up the extras claimed to have been furnished by him in the performance of the work, that they were furnished in accordance with the verbal directions given by the defendant and that the amount charged was just and reasonable for the service performed. Some of the extra items were admitted by the defendant. If the plaintiff's testimony is to be entirely believed it would sustain his bill for extras of $2,923.38 in full. It will be observed, however, that the jury found the value of the extras to be $2,544.92, thus reducing plaintiff's claim $378.46. The defendant has attacked a large number of

items in the bill for extras as being exorbitant, and especially the items of extras furnished in constructing a room known as the "accessory room."

The plaintiff's charges in connection with this room amount to $782.40 and from the testimony appears to be an excessive charge. The condition of the record is such that it is impossible to determine whether the deduction made by the jury was on account of excessive charges in the items relating to the "accessory room" or whether the deduction was on account of excessive charges on other items which were also attacked.

The trial court adopted the findings of the jury as its own and rendered judgment accordingly. While there is a dispute as to the reasonable value of the extras furnished, and in some instances the plaintiff's bill appears to have been padded, yet upon a review of the entire record we think the evidence supports the judgment of the trial court and we are not disposed to disturb it. The defendant complains of the action of the court in calling a jury and submitting certain questions of fact for their determination. The power of the court in an equity case to submit questions of fact to a jury cannot be disputed. *Omaha Fire Ins. Co. v. Thompson,* 50 Neb. 580; *Alter v. Bank of Stockham,* 53 Neb. 223; *Lewis v. North,* 62 Neb. 552. In such cases the findings of the jury are advisory only, and where the court adopts the findings as its own no error can be predicated upon the action of the court, in submitting an issue of fact to a jury. *Welch v. Tippery,* 66 Neb. 604.

Upon a *de novo* examination, we are satisfied with the judgment of the trial court, and it is

AFFIRMED.